```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ARTIS SWAFFORD,**

                     **Petitioner,**

     v.                                 CASE NO. 98-3242-SAC

**MICHAEL NELSON, et al.,**

                     **Respondents.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and paid the filing fee.

The court has examined the submissions of the parties and enters the following findings and order.

**Procedural Background**

Petitioner was convicted in the District Court of Saline County, Kansas, in January 1993 of two counts of selling cocaine within 1000 feet of a school. He was sentenced to concurrent terms of 7½ to 20 years on each count.

The convictions were affirmed on direct appeal, <u>State v. Swafford</u>, 890 P.2d 368 (Kan. App. 1995), and the Kansas Supreme Court denied the petition for review on March 27, 1995.

Petitioner commenced this action on July 22, 1998. In

November 1999, he moved to stay this matter to pursue a newly-discovered claim in the state courts. The court dismissed the petition without prejudice to allow petitioner to exhaust state court remedies. Following those proceedings, petitioner's motion to reopen this matter was granted. Thereafter, the respondents filed a supplemental Answer and Return.

**Factual Background**

Petitioner was convicted following his sale of drugs on two occasions to a police informant, Lamar Williams. The Kansas Court of Appeals summarized the facts underlying the petitioner's conviction as follows:

> Lamar Williams approached the police and offered to be a confidential informant. The police provided Williams with an apartment that was wired with video and audio tape recorders. The police had contacted a real estate broker and rented the first apartment that was offered. The apartment was within 1,000 feet of a school. The police officer who rented the apartment testified that he knew there was a school in the area, but he did not know it was within 1,000 feet of the apartment when he rented it.
> Williams and Swafford discussed a drug deal at a local club, and Williams agreed to purchase $350 in rock cocaine from Swafford. They went to Williams' apartment where Williams purchased $150 in rock cocaine from Swafford because that was all that Swafford had. The next day, Swafford came to the apartment and offered to sell Williams more cocaine. Williams bought $350 in rock cocaine. Both transactions were recorded.
> Swafford was charged with two counts of sale of cocaine, and when it was discovered the apartment was within 1,000 feet of a school, the complaint was amended. State v. Swafford, 890 P.2d. 368, 371 (Kan.App. 1995).

At trial, petitioner asserted a defense of entrapment, and

2

he claimed that no drug transaction took place.  The jury was instructed on entrapment but returned verdicts of guilty on both counts.

Petitioner seeks relief on the following grounds:

a. the police engaged in outrageous conduct in violation of petitioner's due process rights by conducting an undercover operation within 1000 feet of school property.

b. the trial court failed to properly instruct the jury by failing to make actual knowledge of the proximity of a school an element in the crimes charged.

c. there was insufficient evidence to support the convictions.

d. the trial court erred in denying a mistrial after a witness referred to a murder.

e. the trial court violated petitioner's right to confrontation by impermissibly restricting his cross-examination of the confidential informant.

f. petitioner received ineffective assistance of counsel.

g. petitioner was convicted on perjured testimony.

## Discussion

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

Under the AEDPA, a federal court must deny a claim unless the

3

state court decision (1) is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is contrary to established federal law as determined by the United States Supreme Court "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is an unreasonable application of federal law under § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The federal court evaluates the reasonableness of the state court's application of federal law under an objective standard. Id. at 409-10.

However, even when the federal court concludes that a state court decision applied clearly established federal law incorrectly, relief will be granted only where that decision is objectively unreasonable. Penry v. Johnson, 532 U.S. 782, 793

4

(2001). Finally, the federal court must give a presumption of correctness to the factual findings of the state court. §2254(e)(1). The petitioner may rebut that presumption by clear and convincing evidence. Id.

**Petitioner's claims for relief**

**1. Due process violation caused by outrageous government conduct**

Petitioner first asserts that his conviction on two counts of selling cocaine within 1000 feet of a school violates due process. He contends the state's conduct in setting up the drug deals in an apartment near a school was outrageous conduct that constituted entrapment.

The Kansas Court of Appeals rejected this claim, finding there was no evidence that the state, in setting up the controlled drug buys, acted with the primary purpose of increasing the penalty for the petitioner's conduct in selling drugs. 890 P.2d at 372-73.

The core factor in an entrapment defense is the predisposition of the defendant rather than the nature or extent of the government's conduct. Hampton v. United States, 425 U.S. 484, 488 (1976). This element is defined as "a defendant's inclination to engage in the illegal activity for which he has been charged, i.e. that he is ready and willing to commit the crime." United States v. Ortiz, 804 F.2d 1161, 1165 (10th Cir. 1986).

5

Entrapment remains a potential defense to a criminal charge, and a person who is otherwise innocent may not be punished for action which is the product of the conduct of Government officials. However, "[w]hen a person is shown to be 'ready and willing' to violate the law, the fact that an opportunity to do so is provided by undercover agents is not entrapment." U.S. v. Swets, 563 F.2d 989, 990 (10th Cir. 1977)(quoting Hampton v. United States, 425 U.S. 484 (1975)).

The Kansas Court of Appeals noted that law enforcement must be allowed flexibility in the tactics used to investigate drug crimes. While recognizing that governmental action that is taken with a primary purpose of increasing the severity of a crime may constitute outrageous conduct, the court found no evidence of such a motive in the investigation leading to petitioner's conviction. Instead, the court determined that it was uncontroverted that the police did not know the apartment used for the drug buys involving the petitioner was within 1000 feet of a school until the buys were complete. 890 P.2d at 567-68.

This court finds no error in the analysis of the state courts and agrees petitioner's right to due process was not violated by the conduct of the government.

**Error in jury instructions**

Petitioner next asserts the trial court erred in failing to instruct the jury that knowledge is an element in the crime of

6

sale of cocaine within 1000 feet of a school.

The failure to instruct the jury on an essential element of a crime violates due process. Patton v. Mullin, 425 F.3d 788, 802 (10th Cir. 2005)(quoting Rael v. Sullivan, 918 F.2d 874, 875 (10th Cir. 1990)). The elements of the crime are defined the state legislature. Id., (citing McMillan v. Pennsylvania, 477 U.S. 79, 85 (1986)). This court is bound by the state courts' interpretation of state statutes. Id., (quoting Chapman v. LeMaster, 302 F.3d 1189, 1196 (10th Cir. 2002)("On habeas review, however, the [state] courts' interpretation of the state ... statute is a matter of state law binding on this court.")).

The Kansas Court of Appeals rejected petitioner's claim that the crime of a sale of narcotics within 1000 feet of a school is one of specific intent. Rather, the Court of Appeals reasoned that like the federal statute upon which it was modeled,[1] the state statute establishing a B felony for the sale of cocaine or narcotic drugs within 1000 feet of a school, K.S.A. 65-4127a(c) does not require proof of knowledge of the proximity of a school as an element. The appellate court examined the legislative history and concluded that the statute was intended to protect youth from exposure to drug use and related influences. Finding that such a purpose would be undermined by requiring law enforcement and prosecutors to establish proof of awareness of a

---

[1] 21 U.S.C. § 860(a).

7

school's location, the court held that knowledge of proximity to a school need not be proven to establish the crime. 890 P.2d at 371-72.

The Tenth Circuit has reached a similar conclusion in analyzing the federal "schoolyard" statute. See U.S. v. Harris, 313 F.3d 1228, 1238-39 (10th Cir. 2002)(defendant charged under 21 U.S.C §860(a) "need not intend to distribute drugs within 1,000 feet of a school to be convicted under § 860(a)"); U.S. v. DeLuna, 10 F.3d 1529, 1534 (10th Cir. 1993)(finding 21 U.S.C. § 860a has no knowledge requirement and noting accord among those circuits to consider the question).

Having considered the record, this court agrees that the trial court properly instructed the jury on the elements of the crime of sale of cocaine within 1000 feet of a school.

**Sufficiency of the evidence**

Petitioner alleges the evidence was insufficient to establish that he knowingly sold cocaine within 1000 feet of a school.

In a habeas corpus action, the court determines questions of evidentiary sufficiency under the standard "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979)(emphasis omitted). The habeas court must "accept the jury's resolution of the

evidence as long as it is within the bounds of reason." <u>Grubbs v. Hannigan</u>, 982 F.2d 1483, 1487 (10th Cir. 1993).

As discussed in the claims concerning jury instructions and outrageous government conduct, the prosecution was not required to prove that petitioner knowingly sold cocaine within 1000 feet of a school to establish the crime charged.

The Kansas Court of Appeals found that the prosecution established that the drug sales took place within 1000 feet of an elementary school. (<u>Swafford v. State</u>, No. 87,036, 6/21/2002.) No claim of insufficient evidence can be sustained on that basis.

At trial, the prosecution introduced testimony from the confidential informant who purchased cocaine from the petitioner at the drug transactions, the detective and sergeant from the Salina Police Department who monitored the controlled purchases, the police sergeant who had custody of the evidence, and a forensic examiner and forensic chemist employed by the Kansas Bureau of Investigation. The prosecution also played both audiotape and videotape to the jury to show events surrounding the drug transactions involving the petitioner. (State Court Records, <u>State v. Swafford</u>, Case No. 92 CRM 1286 M, Trial Record, Vol. I.)

The evidence clearly is sufficient to satisfy the standard under <u>Jackson v. Virginia</u>, and petitioner is not entitled to relief on this claim.

9

**Failure to grant mistrial**

Petitioner next asserts the trial court erred in failing to grant a mistrial after the confidential informant witness called by the prosecution referred to a murder on cross-examination.[2]

The testimony in question involved the compensation the informant received from police for his participation in the drug transactions.

In response to a question concerning the size of the transaction for which he might receive more compensation, the informant stated:

> A. We never had a really big buy, because it all- the operation got shut down after – after, you know, the murder took place. (Trial trans., Vol. I, p. 43.)

Counsel objected to this testimony and, after a conference at the bench, the court found no basis for a mistrial. The questioning resumed:

> Q. Okay. You're saying that there were no big drug buys, right?
>
> A. Well, we had a big one set up. Like I said, the murder happened, so we had- they couldn't do it. The murder happened. (Id., p. 44.)

Later in the cross-examination, defense counsel asked the informant about a conversation between him and the petitioner:

---

[2] At the time of the trial underlying this action, petitioner was implicated in a murder but had not been tried. He was convicted of felony murder and aggravated robbery in 1993. State v. Swafford, 897 P.2d 1027 (Kan. 1995).

10

> Q. ...Other than that time in the park, then the time at Benton's, and the two times at your apartment, did you have any other conversations with Artis Swafford?
>
> A. I talked to him at – after he made one of the buys, you know, about the day after the murder, the same day the murder took place I talked to him about that. (Id., p. 57.)

Following this, defense counsel sought a mistrial. The trial court denied the request, finding the witness had used the murder only as a reference point for the time of his conversations with the petitioner. The trial court stated, "He certainly hasn't, in any way, implied, or implicated Mr. Swafford in any other kind of criminal activity." (Id. at 58.)

The Kansas Court of Appeals found petitioner failed to show substantial prejudice from the denial of a mistrial. The appellate court agreed that the statements of the witness did not implicate petitioner, and it concluded the references were not sufficiently prejudicial that the refusal to grant a mistrial was an abuse of discretion. 890 P.2d at 373.[3]

In light of the entire record, this court agrees that the references of the witness to a murder did not deny petitioner due process. Petitioner can prevail on his claim concerning the introduction of references to other crimes only by showing that

---

[3] In addition, the appellate court noted that defense counsel had some notice that the witness might respond in this way because he had done so in response to the same question during the preliminary hearing. 890 P.2d at 373-74.

the testimony was "'so prejudicial in the context of the proceedings as a whole that he was deprived of the fundamental fairness essential to the concept of due process.'" Scrivner v. Tansy, 68 F.3d 1234, 1239-40 (10th Cir. 1995)(quoting Nichols v. Sullivan, 847 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989)).  The references to the murder were brief and did not directly implicate petitioner in the commission of that crime.

**Limitation of cross-examination**

Petitioner next asserts that the trial court denied him the right to confrontation by restricting defense counsel's cross-examination of the confidential informant concerning his relationship with the petitioner.  Petitioner alleges this prevented him from pursuing a defense theory based on entrapment.

The constitutional framework governing cross-examination was summarized in Saiz v. Ortiz, 392 F.3d 1166 (10th Cir. 2004) as follows:

> "The right to cross-examine witnesses is an integral part of the broader Sixth Amendment right to confront witnesses directly in a criminal trial." United States v. Oliver, 278 F.3d 1035, 1041 (10th Cir.2001).  In particular, "'the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" Delaware v. Van Arsdall, 475 U.S. 673, 678-79 ... (1986) (quoting Davis v. Alaska, 415 U.S. 308, 316-17 ...(1974)).  Nevertheless, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues,

12

> the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. at 679 .... "[T]he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Id. (internal quotation omitted).  392 F.3d at 1182.

At trial, the prosecution presented the testimony of the confidential informant, who described the drug transactions involving the petitioner in detail.  During cross-examination, counsel elicited testimony concerning the witness' agreement with the police.  Following a conference at the bench, the trial court limited questioning to avoid reference to ongoing criminal investigations that were unrelated to the drug transactions. (Trial trans., Vol. I, pp. 41-42.)

The Kansas Court of Appeals found that the district court had acted appropriately in limiting cross-examination after defense counsel inquired about conversations that took place following the drug buys.  The Court of Appeals stated that other conversations "could not have been relevant to the entrapment defense and would almost certainly have raised Swafford's involvement in the murder. ... Swafford was able to inquire into Williams' relationship with him, both on cross-examination and ... by calling [him] as a defense witness."  State v. Swafford, 890 P.2d at 374.

After reviewing the trial record and the decision of the Kansas Court of Appeals, this court agrees that petitioner was

13

not denied due process by the trial court's ruling on cross-examination. Petitioner's counsel was able to explore relevant events, and the ruling of the trial court was tailored to allow petitioner a reasonable opportunity to question the informant while avoiding potentially prejudicial events outside of the drug transactions.

**Ineffective assistance of counsel**

Petitioner asserts, in a supplemental brief, that he was denied the effective assistance of counsel by the failure of his trial attorney to investigate the relationship between the Salina Police Department and the confidential informant.

Respondents assert that this claim is procedurally defaulted due to the petitioner's failure to include this claim in his petition for review before the Kansas Supreme Court. Petitioner has not responded to this allegation.

It is settled that where a claim has been procedurally defaulted by a prisoner's failure to comply with state procedural rules, habeas corpus review is not available unless the petitioner can show both cause and prejudice for the default and manifest injustice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The court has considered the record in light of whether the procedural default could be excused to avoid manifest injustice and concludes that no such view should be allowed. The Kansas

14

Court of Appeals reasonably concluded that even if counsel had been able to establish perjury by the confidential informant, the evidence of petitioner's guilt in the drug transactions was "overwhelming." Swafford v. State, No. 87,036, p. 3, Kansas Court of Appeals, (6/21/02). This court agrees that the evidence against petitioner was substantial and concludes that the failure to review the defaulted claim of ineffective assistance of counsel will not result in manifest injustice.

**Use of perjured testimony**

Finally, petitioner asserts that his conviction must be overturned because it was based upon perjured testimony of the confidential informant.

It is uncontested that the informant was employed by the Salina Police Department to arrange controlled buys, and he testified at trial that he received $50.00 per buy. (Trial trans., Vol. IV, pp. 20-60.) Petitioner claims that the informant actually received more, and he contends the misrepresentation denied him due process.

The Kansas Court of Appeals, noting that the field memorandum upon which petitioner based this claim had not been presented to the court, found that the claim of perjured testimony lacked support. In addition, the Court of Appeals held that even if there were evidence that criminal charges against the informant were dismissed in exchange for his participation, there was

15

considerable evidence to support the petitioner's conviction. <u>Swafford v. State</u>, No. 87,036 at p. 3.

This court finds no basis to disturb the decision of the Kansas Court of Appeals. Petitioner did not present evidence to support his claim of perjury, and the trial record contains ample evidence to support the petitioner's guilt even if the claim of perjury could be substantiated.

### Conclusion

For the reasons set forth, the court concludes the petitioner has not established that his conviction and confinement are unconstitutional.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for ruling (Doc. 40) is denied as moot.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 27th day of April, 2006, at Topeka, Kansas.

        S/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge